**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4675

WALTER VANCE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-97-0103-PJM)

Submitted: June 30, 1998

Decided: July 20, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Susan M. Bauer, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Deborah A. Johnston, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Walter Vance pled guilty to being a felon in possession of a fire-arm, conditioned upon his right to appeal the district court's denial of his motion to suppress. On appeal, Vance contends that the district court erred by finding that the police officers had sufficient cause to search him. For the reasons that follow, we affirm.

At the suppression hearing the following facts were revealed. As three police officers[1] approached in a vehicle, they saw Vance and a second man standing in a building entranceway. The officers exited the vehicle and told the men to "clear the hallway."[2] The other man approached the officers with a pistol in his hand and an officer retrieved the weapon.[3] At approximately the same time, Vance was walking behind the other two officers and placed his hands inside his coat pocket. An officer stopped and frisked Vance finding a loaded pistol in his coat pocket. The district court found that based upon the totality of the circumstances the officers had a reasonable articulable suspicion that Vance was armed relying on United States v. Poms, 484 F.2d 919 (4th Cir. 1973).

The reasonableness of a search and seizure is a legal conclusion which we review de novo with the factual findings underlying the legal conclusions reviewed for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A brief investigative stop is permissible whenever an officer has reasonable suspicion grounded

_____

[1] The officers were employed by Bradley Hills Limited Partnership, were commissioned by the state of Maryland, and granted with full arrest powers at this property. (J.A. at 17).
[2] (J.A. at 25). Also, loitering is prohibited in entranceways of the prop-erty. (J.A. at 20, 21, 111).
[3] The gun was in fact a starter's pistol.

2

in articulable and specific facts that a crime has been or is about to be committed. <u>See United States v. Hensley</u>, 469 U.S. 221, 229 (1985). At trial, defense counsel contended that the officers could have permissibly stopped Vance to question him but that the pat-down search was impermissible. We have previously rejected this argument. <u>See United States v. Moore</u>, 817 F.2d 1105, 1108 (4th Cir. 1987) ("`There is no reason why an officer, rightfully but forcibly confronting a person suspected of serious crime, should have to ask one question and take the risk that the answer might be a bullet.'") (quoting <u>Terry v. Ohio</u>, 392 U.S. 1, 33 (1968) (Harlan, J., concurring)). An officer making a lawful investigatory stop may protect himself by conducting a search for weapons if he has reason to believe the suspect is "armed and dangerous." <u>Id.</u> at 1107 (citing <u>Adams v. Williams</u>, 407 U.S. 143, 146 (1972)). We do not find that the district court erred in its order denying the motion to suppress. The officers testified that because one man had a gun and because Vance was moving away from and behind them as he placed his hands in his pockets, they feared Vance, too, had a weapon. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>